**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee L. Lippert,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. CV-12-8215-PCT-LOA<br><br>**ORDER** |

On May 29, 2013, the Commissioner filed an Unopposed Motion for Entry of Judgment with Order to Remand, requesting the Court to remand this Social Security case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27) The Commissioner indicates that upon remand, "[t]he Appeals Council will remand the case back to an Administrative Law Judge with instructions to re-evaluate Plaintiff's residual functional capacity, including, but not limited to, further evaluating the opinions of Dr. Young (Tr. 436-42) and Dr. Griffith (Tr. 471-78) pursuant to the provisions of 20 C.F.R.§ 404.1527 and Social Security Rulings 96-2p and 96-5p, and explain[ing] the weight given to such opinion evidence in accordance with agency policy." (*Id.* at 1-2) The motion represents Plaintiff does not oppose this motion. (*Id.* at 2) The Commissioner also requests the Court "[d]irect the clerk to enter a judgment in accordance with Fed. R. Civ. P. 58, consistent with the decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993)." (*Id.*)

There being no objection and good cause appearing,

**IT IS ORDERED** that the Commissioner's Unopposed Motion for Entry of Judgment

1  with Order to Remand, doc. 27, is **GRANTED**. The Commissioner's decision denying
2  Plaintiff's claim for disability insurance benefits is hereby **REVERSED** and this Social
3  Security case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further
4  administrative proceedings as set forth herein.

5        **IT IS FURTHER ORDERED** kindly directing the Clerk of Court to enter judgment
6  in accordance with Rule 58(a) and (d), Fed.R.Civ.P., consistent with the decision in *Shalala*
7  *v. Schaefer*, 509 U.S. 292, 296-302 (1993). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th
8  Cir. 2002) ("A sentence four remand becomes a final judgment, for purposes of attorneys'
9  fees claims brought pursuant to the EAJA, . . . upon expiration of the time for appeal. . . A
10 plaintiff who obtains a sentence four remand is considered a prevailing party for purposes
11 of attorneys' fees. . .This is so even when the case has been remanded for further
12 administrative action.") (citations omitted).

13       Dated this 29th day of May, 2013.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge